UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:12-cr-0160-JMS-DML |
| | ) | |
| JUNIOR MCLENNON, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION**

On April 27, 2017, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on July 24, 2015, and Supplemental Petitions filed on October 28, 2015 and March 16, 2017. Defendant McLennon appeared in person with his appointed counsel Michael Donahoe. The government appeared by Jeff Preston, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Tasha Taylor.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant McLennon of his rights and ensured he had a copy of the Petition and the Supplemental Petitions. Defendant McLennon orally waived his right to a preliminary hearing.

2. After being placed under oath, Defendant McLennon admitted violations 1, 2, 3, 6, and 7 as set forth in the Petition and the second Supplemental Petition. [Docket Nos. 42 and 51.]

3. The allegations to which Defendant admitted, as fully set forth in the Petition and the second Supplemental Petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|

1  **"The defendant must report to the probation office in the district to which he is released within 72 hours of release from the custody of the Bureau of Prisons.**

On July 20, 2015, Mr. McLennon was released from the Indiana Department of Correction (IDOC), where he was serving a sentence for Burglary, a felony. Prior to his release, he was given instructions by IDOC staff, on behalf of the probation officer, to immediately report to Volunteers of America (VOA) upon his release, and to contact the probation officer within 72 hours. As of July 24, 2015, Mr. McLennon has made no contact with the probation officer as required.

2  **"The defendant shall notify the probation officer at least ten days prior to any change in residence or employment."**

On July 24, 2015, the probation officer was notified by the offender's case manager at VOA that he was issued a pass out of the facility on July 23, 2015, to report to the Marion County, Indiana Sheriff's Department to register as a sex offender. He failed to return to the facility as required and is in "AWOL" status.

3  **"The defendant shall reside for a period of 180 days at a Residential Reentry Center (RRC) as directed by the probation officer and shall observe the rules of that facility."**

On July 23, 2015, Mr. McLennon absconded from VOA. His whereabouts are unknown.

6  **"The defendant shall not commit another federal, state, or local crime."**

A NCIC Flash Notice was received on February 13, 2017, and indicated the offender was arrested on October 8, 2016, in Kings County, New York. He was charged with Failure to Have Proof of Financial Security, Unregistered Motor Vehicle, Obstructing Governmental Administration in the Second Degree, Resisting Arrest, False Personation, Aggravated Unlicensed Operation of a Motor Vehicle in the Third Degree, Unlawful Possession of Marijuana (2 counts), and Unlicensed Operator. On October 24, 2016, in the Criminal Court of City of New York County of Kings (Docket Number 2016KN059804), the offender pled guilty to Disorderly Conduct. He was sentenced to 1 year of conditional discharge.

> According to the Probable Cause Affidavit, a police officer observed the offender driving a Lexus vehicle on a public highway. The vehicle had a Pennsylvania State license plate, which was expired. The offender was asked by the officer to provide a copy of his driver's license, vehicle registration, and proof of insurance. However, Mr. McLennon was unable to comply. When asked to provide his name and date of birth, the offender gave an alias name to the officer. He was instructed to exit the vehicle, but refused, and was forced out of the car by officers. Subsequently, Mr. McLennon's true identity was learned, as well as information indicating his driving privileges were suspended in New York. During this encounter, police officers recovered marijuana from the floor of the car in front of the driver's seat, as well as from the offender's sock.

7    **"The defendant shall not commit another federal, state, or local crime."**

> Also according to the aforementioned Flash Notice, on October 13, 2016, in Kings County, the offender was arrested and charged with Theft of Services and Trespass. On October 24, 2016, in the Criminal Count of the City of New York County of Kings (Docket Number 2016KN060790), the offender pled guilty to Disorderly Conduct. He was sentenced to 1 year of conditional discharge.
>
> According to a Probable Cause Affidavit, a police officer observed Mr. McLennon entering the New York City Transit System without paying the fare.

4. The government orally moved to dismiss violations 4 and 5 and the same was granted.

5. The Court finds that:

    (a)    The highest grade of violation is a Grade C violation.

    (b)    Defendant's criminal history category is VI.

    (c)    The range of imprisonment applicable upon revocation of supervised release, therefore, is 8 to 14 months' imprisonment.

6. The parties jointly recommended an upward departure to twenty-four (24) months imprisonment with no supervised release to follow, because a 24 month sentence would be within the guideline range for violations 4 and 5 and Defendant expressly sought to avoid further development of those charges because they relate to matters for which Defendant may be subject

to additional prosecution, and because Defendant McLennon has been placed on lifetime supervision by the State of New Jersey.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the Petition and the second Supplemental Petition, and recommends that Defendant's supervised release be revoked, and that Defendant be sentenced to the custody of the Attorney General or his designee for a period of twenty-four (24) months with no supervised release to follow.  The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.  The Magistrate Judge further recommends that the Court make a recommendation of placement at an appropriate facility close to Brooklyn, New York.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.  The parties have fourteen days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

Dated:  1 MAY 2017

_____
Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal